UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| JOHN FRILANDO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV422-066 |
| | ) | |
| MICHAEL LONG, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER AND REPORT AND RECOMMENDATION**

*Pro se* petitioner John Frilando filed this 28 U.S.C. § 2254 petition challenging the validity of a 2018 state-court conviction. *See* doc. 1 at 1. After the Attorney General informed the Court that he did not represent the respondent named in Frilando's original Petition, *see* doc. 10, the Court directed Frilando to file an Amended Petition naming his current custodian, *see* doc. 15 at 1-3. Frilando complied. Doc. 20. At approximately the same time, he filed several other motions, discussed below. *See* docs. 16, 17 & 19. Before the Court could review either the Amended Petition or the additional filings, Frilando notified the Court that he had again been transferred, presumably changing his custodian once again. *See* doc. 21. Finally, he has filed a procedurally ambiguous "Motion to Quash Indictment," which appears to relate to the 2017

indictment which lead to the judgment challenged in his § 2254 petition. *See* doc. 22.

Frilando's Amended Petition is woefully deficient. It does, apparently, identify his custodian at the time it was filed. *See* doc. 20 at 1. Rather than specify the grounds for relief asserted, however, it merely seeks to incorporate "all facts that have been submitted and produced . . . ." *Id.* at 5. Incorporation of allegations by reference is not inherently objectionable, but Frilando has filed numerous ambiguous and procedurally improper documents. *See, e.g.,* doc. 15 at 3-7; *see also* doc. 16 (Motion to Start a Class Action). The Amended Petition's attempt to incorporate "all facts" is simply not sufficient to meet the heightened pleading standards applicable to § 2254 petitions. *See, e.g., McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Hittson v. GDCP Warden*, 759 F.3d 1210, 1265 (11th Cir. 2014). It also appears that Warden Long is no longer Frilando's present custodian. *See* doc. 21; *cf.* Rule 2(a), Rules Governing Section 2254 Cases. He must, therefore, submit a Second Amended Petition.

As the Court has previously explained to Frilando, complaints concerning the conditions of his confinement, including his allegations

concerning prisoner labor, are not proper in a habeas action. *See* doc. 15 at 5-6 (citing, *inter alia.*, *Nance v. Ward*, ___ U.S. ___, 142 S. Ct. 2214, 2222 (2022)). His motions to "start a class action" and to file an "amended complaint" to assert what appear to be claims for monetary relief based on allegedly unconstitutional conditions of confinement, therefore, should be **DENIED**. Docs. 16 & 17. To the extent that Frilando's Motion to Amend seeks to add claims concerning the conditions of his confinement, it should be **DENIED, in part**. *See* doc. 19 at 2 ("Frilando will now submit the claim of the violation of the 13th Amendment," by his new custodian). To the extent that his Motion seeks to amend the grounds asserted in his § 2254 petition, the direction that he submit a Second Amended Petition renders that request moot. It is, therefore, **DISMISSED, in part**. Doc. 19.

Finally, Frilando has submitted a document titled "Motion to Submit Motion to Quash Indictment." Doc. 22. The document reiterates his objection to the conditions of his confinement and attaches a pleading, apparently captioned for his 2017 criminal case in the Superior Court of Chatham County, seeking to "quash" or "dismiss" that Indictment. *See id.* at 2-11. Frilando's intent in submitting that document to this Court

3

is not entirely clear.  Frilando's Petition indicates that the indictment he appears to challenge resulted in his conviction, which he alleges was affirmed by the Georgia Court of Appeals and Supreme Court.  *See* doc. 1 at 1-2.  The only authority he cites for the Motion is a Georgia statute. *See* doc. 22 at 2 (citing O.C.G.A. § 17-9-4).  To the extent that the document alleges additional defects in the challenged judgment, or provides additional details concerning defects alleged in the original Petition, he is free to assert those in his Second Amended Petition.  The Motion is, therefore, **DISMISSED as moot**.  Doc. 22.[1]

In summary, Frilando must submit a Second Amended Petition that does not attempt to generally incorporate other pleadings.  The Second Amended Petition must be complete in itself.  The Clerk is **DIRECTED** to include a blank copy of Form AO 242 (Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254) along with this Order and Report and Recommendation for Frilando's convenience.  He is

---

[1] Frilando's Motion asserts that he has "requested to the court to have an order drafted as to John Frilando was not to be transferred." Doc. 22 at 1. No such motion appears on this Court's docket. *See generally* docket. Moreover, requests related to a prisoner's assignment to a particular facility are not cognizable habeas claims, to the extent that they are cognizable at all. *See, e.g., In re Baker*, 469 F. App'x 89, 90 (3d Cir. 2012). However, it is not clear whether Frilando is referring to a request made to this Court or to the Superior Court. *See* doc. 22 at 1 (noting that the attached motion "has been filed in the Superior Court of Chatham County.").

**DIRECTED** to submit his Second Amended Petition no later than November 18, 2022.  He is advised that failure to amend within the time permitted may result in a recommendation of dismissal.  *See, e.g., Retic v. United States*, 215 F. App'x 962, 965 (11th Cir. 2007).  Frilando's motions "to start a class action" and to "file an amended complaint" should be **DENIED**.  Docs. 16 & 17.  His "Motion to Amend Case," should be **DENIED, in part**, and is **DISMISSED, in part**, as moot.  Doc. 19.  His Motion to Quash Indictment is **DISMISSED** as moot.  Doc. 22.

    This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

    After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and

recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 18th day of October, 2022.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA