## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| JOHN FRILANDO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV422-066 |
| | ) | |
| CALVIN OLIPHANT, and | ) | |
| WARDEN MICHAEL LONG, | ) | |
| | ) | |
| Respondents. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* petitioner John Frilando filed a 28 U.S.C. § 2254 petition in March 2022. *See generally* doc. 1. The Court directed respondent Calvin Oliphant to respond to the Petition. *See* doc. 6. The Attorney General responded to that Order and informed the Court that he did not represent the Respondent. *See* doc. 10. Frilando then notified the Court that he had been transferred, calling into question the identity of the proper respondent to the Petition. *See generally* doc. 15. The Court directed Frilando to submit an Amended Petition. *Id.* at 3.

Frilando filed his Amended Petition. *See* doc. 20. In addition, and consistent with his prior filing habits, *see, e.g.,* doc. 15 at 3-7, he

submitted multiple "motions" which are procedurally inappropriate in this habeas corpus proceeding. *See* docs. 16 & 17; *see also* doc. 22 ("Motion to Quash Indictment"). Frilando filed another notice that he had been transferred. *See* doc. 21. The Court recommended that his motions be denied and directed him to file a Second Amended Petition. *See* doc. 25. The recommendation is pending with the District Judge. Frilando's deadline to submit his Second Amended Petition has passed without response. *See generally* docket. Since he has failed to prosecute this case, it should be **DISMISSED**.

This Court has the authority to prune cases from its dockets where parties have failed to prosecute their cases. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992); *see also, e.g., Ashley-Mobley v. Kilgore*, 2020 WL 9595120, at *1 (N.D. Ala. Mar. 9, 2020) (recommending dismissal of § 2241 petition, pursuant to Rule 41, for failure to pay filing fee or move to proceed *in forma pauperis*), *adopted* 2020 WL 9595122

(N.D. Ala. Apr. 8, 2020); *Allen v. Tatum*, 2014 WL 5308010, at *1 (S.D. Ga. Sept. 22, 2014), *adopted* CV414-169, doc. 12 (S.D. Ga. Oct. 2, 2014) (dismissing § 2254 petition, pursuant to Rule 41(b), for failure to prosecute).  Petitioner's case should therefore be **DISMISSED** without prejudice for failing to prosecute his case.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 6th day of December, 2022.

Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia